DELGADO ET AL., DEMANDANTES Y APELANTES, *v.* BOUILLERCE, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *injunction.*

No. 2777.—Resuelto en enero 8, 1923.

HONORARIOS DE ABOGADO—INJUNCTION—SEÑALAMIENTO DE ERRORES—DISCRECIÓN DE LA CORTE.—Cuando en una apelación contra una orden concediendo honorarios de abogado en un procedimiento de *injunction,* no se ha presentado pliego de errores ni se han elevado los autos originales, la presunción es que la corte inferior hizo buen uso de su facultad discrecional, y la orden deberá ser confirmada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. R. Muñoz Ramos.*

Abogado del apelado: *Sr. D. Sepúlveda.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una apelación contra una resolución concediendo honorarios por la suma de $300. No hay señalamiento de errores y, por tanto, no consideraremos las cuestiones levantadas con gran amplitud.

La corte inferior rehusó considerar la impugnación hecha al memorándum de costas porque no estaba debidamente jurado. Expresa el apelado al citar el caso de *Torres* v. *Irizarry,* 18 D. P. R. 344, que la impugnación debe ser considerada como una contestación y, por consiguiente, que cuando se jura el memorándum deben asimismo jurarse las objeciones contra el mismo si en ellas se levantan cuestiones de hecho. Hay fuerza en este razonamiento, aunque no estamos enteramente convencidos de ello. La reclamación fué por la suma de $400. La corte concedió $300. Hemos examinado las objeciones casualmente y estamos enteramente satisfechos de que la corte debió haber tomado en consideración todas las cuestiones promovidas en ellas y era el mismo juez que presidió el juicio. El apelante no nos demuestra en qué forma fué perjudicado por la actuación de la corte y los autos nos convencen de que el error, de haber alguno, no era perjudicial.

Expresa el apelante que los honorarios concedidos eran excesivos. La teoría es que antes del juicio de un pleito de *injunction* el demandante desistió de su acción y que por ello el abogado del demandado no tuvo que hacer gran esfuerzo. Es claro, sin embargo, que la mera expedición de un *injunction* preliminar puede hacer que un demandado y su abogado tengan que hacer grandes esfuerzos. Los procedimientos originales no están ante nosotros y la presunción es que la corte ejercitó bien su discreción.

Se quejan también los apelantes de que la corte debió haber permitido la radicación de objeciones nuevas o enmien-

das al declarar sin lugar aquéllas que fueron formuladas originalmente. Se limitan a decir que entonces ellos hubieran probado que el memorándum de costas fué presentado demasiado tarde. Esta es una cuestión que los apelantes pudieron haberla levantado verbalmente. Creemos que el apelado demuestra con buen éxito que el memorándum fué debidamente radicado dentro de los diez días después de ser firme la sentencia, como lo exige el artículo 339 del Código de Enjuiciamiento Civil, según quedó enmendado en el año 1917.

La resolución apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.